UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVE M. MARCANTEL (#101147)                      CIVIL ACTION

VERSUS

LOUISIANA COMMITTEE ON PAROLE              NO. 13-0456-SDD-RLB

### ORDER

This matter comes before the Court on the Plaintiff's *Motion for Temporary Restraining Order and Request for Expedited Consideration* (Rec. Doc. 5.)[1]

The *pro se* Plaintiff, an inmate confined at the Jackson Parish Correctional Center ("JPCC"), Jonesboro, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Louisiana Committee on Parole. The Plaintiff complains that his constitutional rights have been violated by the wrongful revocation of his supervised release, which revocation took place at a hearing conducted on January 17, 2012. The Petitioner asserts that he appealed that determination to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, which court upheld the revocation by *Order* entered on October 23, 2012. The Petitioner asserts that he has since appealed that determination to the Louisiana Court of Appeal for the First Circuit and that his appeal is pending before that court.

In addition to the foregoing, the Plaintiff asserts that, while the referenced appeal of his revocation proceedings was pending before the state district court, he filed a separate lawsuit in the

---

[1] In the body of his original *Complaint* (Rec. Doc. 1), the Plaintiff included a request for issuance of a temporary restraining order and/or preliminary injunction, which request the Clerk of Court docketed as a separate motion. To the extent that the original *Complaint* may also be interpreted as constituting a motion pending before the Court, this *Order* is intended to address that request as well.

state district court challenging, <u>inter alia</u>, "the constitutionality of the statutes, laws and La. case law restricting or limiting the scope of judicial review in parole revocation cases."

Finally, the Plaintiff asserts that he has filed several motions in the state courts, seeking to have the pending appeal of the revocation proceedings stayed or held in abeyance so that he may first obtain a ruling in the second-filed proceeding regarding the constitutionality of the revocation procedures. To similar end, the essence of the relief now requested by the Plaintiff from this Court in this proceeding relates principally to the anticipated timing of the decisions in the two pending proceedings in State Court. Specifically, he seeks an injunction from this Court compelling the Louisiana First Circuit Court of Appeal to stay proceedings in the pending revocation proceeding and compelling the 19th Judicial District Court for the Parish of East Baton Rouge to rule expeditiously on his second-filed lawsuit challenging the constitutionality of the Louisiana revocation procedures. In the alternative, the Plaintiff requests a declaration from this Court that the Louisiana revocation procedures are, in fact, unconstitutional and/or an injunction compelling the Louisiana First Circuit Court of Appeal to review his pending revocation proceeding under appropriate constitutional standards. The Plaintiff also asserts that the Louisiana First Circuit Court of Appeal has since scheduled his appeal for hearing and will issue a ruling unless this Court intervenes to enjoin such ruling. Accordingly, he seeks to temporarily enjoin the First Circuit Court "from hearing and/or deciding his parole revocation 'appeal' (review) under current laws and standards being challenged as an unconstitutional violation of the Due Process Clause."

The Plaintiff is not entitled to the relief requested. In order to obtain a restraining order or preliminary injunctive relief, the Plaintiff must demonstrate: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to

enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[2] Preliminary Injunctive relief is "an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[3]

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. In the first place, the Anti-Injunction Act, 28 U.S.C. § 2283, provides that federal courts are generally denied the power to "grant an injunction to stay proceedings in a State Court." Specifically, this statute provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments."[4] These exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'"[5] Further, it has been held that "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties."[6] Finally, it does not appear that the plaintiff has shown either a likelihood of success on the merits or a substantial threat that he will suffer irreparable harm if a restraining order or injunctive relief is not granted. Upon conclusion and exhaustion of state court revocation proceedings, the plaintiff may file a federal habeas corpus lawsuit asserting that he was

---

[2] Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192 (5th Cir. 2003); Gipson v. JPMorgan Chase, 2013 WL 3746003 (N.D. Tex. July 17, 2013).

[3] Id.

[4] Id. See also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970) ("[T]he ... Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions").

[5] Smith v. Bayer Corp., ___ U.S. ___, 131 S.Ct. 2368, 2375 (2011).

[6] See Anderson v. Law Firm of Shorty, Dooley & Hall, 393 Fed. Appx. 214, 216 (5th Cir. 2010); Patton v. Machado, 105 F.3d 653, 1996 WL 762796 (5th Cir. Dec. 11, 1996); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).

denied due process in connection with the state proceedings.[7] Accordingly, upon a finding by the Court that the Plaintiff has not established his entitlement to a temporary restraining order and that his request for injunctive relief may be addressed by the Court in this ordinary proceeding,

**IT IS ORDERED** that the Plaintiff's *Motion for Temporary Restraining Order*[8] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's *Request for Expedited Consideration* be and is hereby **GRANTED**.

Baton Rouge, Louisiana, this 17th day of September, 2013.

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] See, e.g., Williams v. Quarterman, 307 Fed. Appx. 790 (5th Cir. 2009); Brown v. Jones, 2011 WL 6330654 (W.D. La. Nov. 21, 2011); Reynaud v. 29th Judicial Dist. Court ex rel. Parish of St. Charles, 2011 WL 2693665 (E.D. La. May 31, 2011).

[8] Rec. Doc. 5.