UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVE M. MARCANTEL (#101147)                    CIVIL ACTION

VERSUS

LOUISIANA COMMITTEE ON PAROLE                   NO. 13-0456-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 18, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVE M. MARCANTEL (#101147)                                    CIVIL ACTION

VERSUS

LOUISIANA COMMITTEE ON PAROLE                         NO. 13-0456-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Jackson Parish Correctional Center ("JPCC"), Jonesboro, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Louisiana Committee on Parole. The plaintiff complains that his constitutional rights have been violated by the alleged wrongful revocation of his supervised release by the Parole Board, which revocation took place at a hearing conducted in January, 2012. The plaintiff asserts that he appealed that determination to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, which court upheld the revocation pursuant to Order entered on October 23, 2012. In addition to the foregoing, the plaintiff asserts that while the referenced revocation proceedings were pending before the state district court, he filed a separate lawsuit in the state district court challenging, inter alia, "the constitutionality of the statutes, laws and La. case law restricting or limiting the scope of judicial review in parole revocation cases." The plaintiff asserts that the second-filed proceeding remains pending before the district court. Finally, the plaintiff asserts that after the issuance of the October 23, 2012, ruling of the state district court, upholding the revocation of his supervised release, he appealed that ruling to the Louisiana Court of Appeal for the First Circuit, which appeal is currently pending before the appellate court. He further asserts that he has since unsuccessfully filed several motions, at all levels of the Louisiana state courts, seeking to have the pending appeal stayed or held in abeyance while he

first obtains a ruling in the second-filed lawsuit regarding the constitutionality of the revocation review procedures.  He expresses a concern in this regard that the Louisiana appellate court will decide his appeal utilizing an unconstitutional standard of review.

The essence of the relief which the plaintiff now requests from this Court in this proceeding relates principally, as stated above, to the timing of the decisions in the two pending proceedings in state court.  Specifically, the plaintiff seeks an injunction from this Court (1) compelling the Louisiana First Circuit Court of Appeal to stay proceedings in the pending appeal of the revocation proceedings, and (2) compelling the 19th Judicial District Court for the Parish of East Baton Rouge to rule expeditiously on his second-filed lawsuit challenging the constitutionality of the Louisiana revocation review procedures.  In the alternative, the plaintiff requests a declaration from this Court that the Louisiana revocation review procedures are in fact unconstitutional and/or an injunction compelling the Louisiana courts to review his pending revocation proceedings under appropriate constitutional standards, thereby preventing the courts "from deciding his appeal based upon the laws (statutes and case laws) being challenged as unconstitutional in his separate suit."  See rec.doc.no. 1 at p. 10.[1]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 31 (1992), citing Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hicks v. Garner, 69 F.3d 22, 24-25

---

[1]. The plaintiff also requests that the Court appoint counsel to represent him in this proceeding.  Considering, however, that the Court recommends herein that the plaintiff's claims be dismissed as being legally without merit, the Court does not find that the appointment of counsel is warranted.

(5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Id. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Denton v. Hernandez, supra, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. Id. at 33; Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. See Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. In the first place, the Anti-Injunction Act, 28 U.S.C. § 2283, provides that federal courts are generally denied the power to "grant an injunction to stay proceedings in a State Court." Specifically, the referenced statute provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." Id. These exceptions "are narrow and are 'not [to] be enlarged by loose statutory construction.'" Smith v. Bayer Corp., __ U.S. __, 131 S.Ct. 2368, 2375 (2011). See also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970) ("[T]he ... Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions"). Further, it has been held

that "federal courts have no authority to direct state courts or their judicial officers in the performance of their duties."  See Anderson v. Law Firm of Shorty, Dooley & Hall, 393 Fed. Appx. 214, 216 (5th Cir. 2010); Patton v. Machado, 105 F.3d 653, 1996 WL 762796 (5th Cir. Dec. 11, 1996); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).  Based upon this well-settled law and jurisprudence, it appears clear that this Court lacks the power to grant the relief requested by the plaintiff.

Further, relative to the plaintiff's claim for injunctive relief, it does not appear that he has shown either a likelihood of success on the merits or a substantial threat that he will suffer irreparable harm if injunctive relief is not granted, both of which are prerequisites for the grant of injunctive relief.  See Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192 (5th Cir. 2003); Gipson v. JPMorgan Chase, 2013 WL 3746003 (N.D. Tex. July 17, 2013).  Specifically, upon the conclusion of the state court revocation proceedings and upon exhaustion of his claims at each level of state court review, the plaintiff may file a federal habeas corpus lawsuit in federal court asserting that he has been denied appropriate due process in connection with the state proceedings.  See, e.g., Williams v. Quarterman, 307 Fed. Appx. 790 (5th Cir. 2009) (reviewing a federal habeas corpus challenge to state revocation proceedings after exhaustion of state court remedies); Brown v. Jones, 2011 WL 6330654 (W.D. La. Nov. 21, 2011), Magistrate Judge's Recommendation Adopted, 2011 WL 6369881 (W.D. La. Dec. 15, 2011) (reviewing the adequacy of state revocation proceedings in a federal habeas corpus proceeding, but only as to claims which were fully exhausted in state court); Reynaud v. 29th Judicial Dist. Court ex rel. Parish of St. Charles, 2011 WL 2693665 (E.D. La. May 31, 2011), Magistrate Judge's Recommendation Adopted, 2011 WL 2693893 (E.D. La. July 11, 2011) (same).  Accordingly, it appears clear that the plaintiff's claims are susceptible of effective review after the exhaustion of state court remedies, and there is thus no apparent basis for a finding of irreparable injury or for

the granting of the relief requested by the plaintiff.  This action, therefore, should be dismissed.

Finally, to the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this Court over claims arising under state law, a district court may decline to exercise supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having recommended the dismissal of the plaintiff's federal claims asserted herein, the Court concludes that it is appropriate for the Court to decline the exercise of supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on October 18, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."